Johnson, J.
delivered the opinion of the Court.
Whether mutual covenants are to be construed as dependent, or independent, must, in the absence of any express stipulation, necessarily depend on the nature of the thing to be done; and it follows, that when no time is fixed for the performance of the conditions, and when, from its very nature, the time of the performance is indefinite, it never can be construed into a condition precedent. The case at bar furnishes, perhaps the best illustration. The second condition is that the defendant shall keep the canal open, and unobstructed for the passage of water, without any limitation of time. It is therefore a perpetual covenant, and one which it is impossible the covenantor can perform precedent to the satisfaction of the judgment. According to the rule contended for, the judgment must also be perpetual, which certainly was not contemplated by the parties. The evidence of the nonperformance of this part of the agreement was therefore properly rejected ; and the question, whether the plaintiff had fulfilled his agreement to make a canal and trunk in good faith, was properly submitted to the jury: And, however we may be disposed to question the correctness of their finding, there were certainly circumstances of a very imposing character which authorized it, and which will not therefore permit us to set it aside. If the surveys offered in evidence were intended to show, that the canal had not been opened on the site contemplated by the agreement, we concur with our brother Evans, that they ought to have been received. But without that explanation, they would have been at best but irrelevant, and on that ground objectionable. The Court had a right to see their application before they were admitted; that was withheld, and the exposition of the object comes too late. The motion therefore is refused ; and it is Ordered that the defendant do enter satisfaction on the judgment set out in the proceedings.
Motion refused.